# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
May 11, 2012

No. 11-40520

Lyle W. Cayce
Clerk

JOSEPH CHRISTOPHER ROBERTS,

Plaintiff–Appellant

v.

RODNEY G. COLE, II, Individually and in his Official Capacity; JOHNNY LYNN VICKERY, JR., Individually and in his Official Capacity; JEFFERSON COUNTY,

Defendants–Appellees

Appeal from the United States District Court
for the Eastern District of Texas
USDC 1:08-cv-00406-MAC

Before KING, BARKSDALE, and PRADO, Circuit Judges.

PER CURIAM:[*]

Plaintiff–Appellant Joseph Christopher Roberts appeals the district court's grant of summary judgment in favor of Jefferson County and the district court's denial of his motion for reconsideration in his 42 U.S.C. § 1983 case. Roberts was assaulted by two correctional officers at the Jefferson County Correctional Facility and sued both the officers and the County. Shortly after the events

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-40520

complained of, the officers were fired and pleaded guilty to official oppression charges. Roberts's claims against the officers proceeded to trial, but the district court granted summary judgment in favor of the County. None of Roberts's grounds for appeal has merit and so we AFFIRM the district court's grant of summary judgment to the County for the following reasons:

1.  Roberts first argues that the district court erred in granting summary judgment to the County because he produced sufficient evidence of a widespread custom of using excessive force among the County's correctional officers to defeat the County's motion. Roberts, however, presents only a video of his own abuse and two other vague accounts of correctional officers abusing prisoners. Even taking this evidence in the light most favorable to Roberts, it falls short of the necessary showing of a "persistent, widespread practice" on the part of the County. *See Burge v. St. Tammany Parish*, 336 F.3d 363, 369 (5th Cir. 2003). Moreover, Roberts is unable to create a genuine issue of material fact that Sheriff G. "Mitch" Woods, the relevant policymaker, had actual or constructive knowledge of any such abuses, as he has not shown that "the violations were so persistent and widespread that they were the subject of prolonged public discussion or of a high degree of publicity." *Bennett v. City of Slidell*, 728 F.2d 762, 768 (5th Cir. 1984) (en banc). We affirm the district court's grant of summary judgment in favor of the County on this issue.

2.  Roberts next asserts that the district court should have denied summary judgment to the County because he demonstrated deliberate indifference on the part of the County in its training and supervision of its correctional officers. We disagree. Showing deliberate indifference requires more than demonstrating simple

No. 11-40520

negligence, and Roberts produces evidence showing, at most, that the County was negligent. *See Conner v. Travis Cnty.*, 209 F.3d 794, 796 (5th Cir. 2000). Isolated incidents of the kind Roberts identifies cannot form the basis for municipal § 1983 liability, unless they were the highly predictable consequence of a failure to train. *See Peterson v. City of Fort Worth, Tex.*, 588 F.3d 838, 849–50 (5th Cir. 2009). Roberts does not meet this burden. Consequently, the district court properly held on summary judgment that the County was not liable for any § 1983 violation under the theories of failure to train or supervise.

3.    Lastly, Roberts appeals the district court's denial of his Rule 59(e) motion for reconsideration. Roberts fails to provide any persuasive argument that the district court erred in denying his motion or that the district court abused its discretion in declining to consider the ostensibly novel evidence he sought to introduce. We affirm the district court's denial of his motion for reconsideration.

AFFIRMED.